UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| NICKIE AKINS, SR., | ) | |
| | ) | |
| v. | ) | 1:08-cv-203\1:04-cr-190 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Nickie Akins, Sr., ("Akins"), by and through counsel, T. Clifton Harviel, filed a motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 77).[1]

Akins contends he was deprived of his right to effective assistance of counsel guaranteed by the

Sixth Amendment to the United States Constitution. The United States opposes the motion

(Criminal Court File Nos. 84, 85, and 86). Akins has responded to the Government's opposition

(Court File Nos. 87, 88, 89, & 90).

For the reasons which follow, the Court concludes, based on the factual record as it currently

exists, that it is unable to determine whether an evidentiary hearing is necessary on Akins' claim

that counsel was ineffective as a result of his alleged conflict of interest and was ineffective when

cross-examining Mr. Sims as a result of the alleged conflict. The record does not include an

affidavit from Akins or Mrs. Sims regarding the alleged conflict. The court therefore lacks sufficient

factual information regarding defense counsel's actions to resolve Akins' claim that trial counsel

rendered ineffective assistance of counsel due to a conflict of interest. In light of the factual record

regarding this issue the Court will **RESERVE RULING** on these claims pending the submission

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

of other proof and materials, including but not limited to Mrs. Sim's sworn statement under penalty of perjury pursuant to 28 U.S.C. § 1746, detailing her proposed testimony as to this issue. Additionally, for the reasons set forth below, all other claims contained within the § 2255 motion will be **DENIED**.

## I.      Standard of Review

### 1.      28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court, that imposed the sentence, to vacate, correct, or set aside that sentence, on the grounds: "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . . " 28 U.S.C. § 2255.  This Court has jurisdiction under 28 U.S.C. § 1331.  The movant has the burden of establishing any claim asserted in the motion.  *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977), *cert. denied*, 436 U.S. 910 (1978); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude that it had a "substantial and injurious effect" or influence on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  In other words, the standard is a high one, and constitutional mistakes will not be remedied under § 2255 unless they have had "substantial and injurious effect," that results in "actual prejudice." *Brecht*, 507 U.S. at 623.  As the Sixth Circuit has held, to prevail upon a § 2255 motion, a movant "must allege one of three bases as a threshold

standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967 (2002).

## II.  Procedural History

On December 15, 2004, a federal grand jury for the Eastern District of Tennessee at Chattanooga, filed a ten-count Indictment charging Akins along with Gregory K. Sims, aka "Bunky," and Nickie N. Akins, Jr., aka "Little Nick," with committing several drug offenses, involving crack cocaine, between August 2004 and December of 2004.  In addition, Akins was charged with  possessing a weapon during the course of the drug offenses charged in Counts One, Three, Four, Five, Six, and Eight.  Count Ten was dismissed on motion of the United States (Criminal Court File No. 60, Criminal Judgment).  On August 4, 2005,  Akins was found guilty by a jury on Counts One, Three, Four, Five, Six, and Eight.

Akins was sentenced to the custody of the Bureau of Prisons on concurrent sentences of 180 months on Counts One, Three, Four, Five, Six, and Eight; a supervised release period of five years on Count One and terms of three years on each of Counts Three, Four, Five, Six, and Eight, all to run concurrently; and assessed a $600.00 special assessment. Judgment was imposed on November 28, 2005, and entered on December 8, 2005 (Criminal Court File No. 60).  Akins filed his notice of appeal on November 29, 2005, and the Sixth Circuit Court of Appeals affirmed Akins convictions and sentences on June 14, 2007 (Criminal Court File No. 67).  When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari.  *Clay v. United States*, 537 U.S. 522,

3

532 (2003). Thus, it appears the judgment became final on or about September 14, 2007. On

August 12, 2008, Akins timely filed this § 2255 motion (Criminal Court File No. 77).

**III.    Facts**

The facts of the offense conduct are taken from the opinion of the  United States Court of

Appeals for the Sixth Circuit denying Akins direct appeal:

> Detectives from the Hamilton County, Tennessee Sheriff's Department, working
> with a confidential informant ("CI"), conducted four controlled narcotics purchases
> with Akins.  Hamilton [County] Sheriff's deputies eventually executed a search
> warrant at Akins's residence on November 17, 2004.  The search produced various
> drug related items, four grams of cocaine base, [and] assorted weapons . . .
>
> A grand jury indicted Akins, with several co-defendants, on December 15, 2004, on
> four counts of distributing and one count of possession with the intent to distribute
> cocaine base in violation of 21 U.S.C. § 841.  Akins was also indicted on one count
> of conspiring to distribute 50 grams or more of cocaine base, in violation of 21
> U.S.C. § 846.
>
> Police arrested Akins on April 8, 2005.  Akins's trial began August 3, 2005, and
> lasted two days.  The prosecution argued that Akins distributed cocaine base on
> several specific occasions as well as conspired to distribute cocaine base generally
> between August and December 2004.  CI Eddie Gray, witness Stanley Garrett, and
> co-defendant Gregory Sims testified on behalf of the Government.  On August 4,
> 2005, the jury found Akins guilty of five counts of distributing cocaine base and one
> count of conspiracy to distribute at least 50 grams of cocaine base.

[Criminal Court File No. 67, footnote omitted].

**V.    Analysis of Claims**

Akins raises seven instances of alleged ineffective assistance of counsel and one cumulative

error claim in his § 2255 motion, which the Court will address after reviewing the law applicable

to ineffective of assistance of counsel claims.

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused

shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the movant. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

Id. at 697.

### 1. Counsel's Alleged Conflict of Interest

According to Akins, his trial counsel, who was appointed on April 11, 2005, accepted the appointment to represent him while simultaneously representing Mrs. Anita Simms, wife of Akins' co-defendant, Gregory "Bunky" Simms, in the General Sessions Court of Meigs County, Tennessee in Case No. 40862-65. Akins claims his trial counsel did not notify Akins or the United States District Court of the conflict of interests.[2] Mrs. Simms was charged, together with her husband, Gregory "Bunky" Simms, with Possession of Schedule II Drugs for Sale, Possession of Drugs for Sale, Possession of Drug Paraphernalia, and Child Abuse/Neglect. Counsel had filed his notice of appearance in Mrs. Simms' case on December 14, 2004, and represented her until December 1, 2005, when all charges against her were dismissed.

---

[2]     The transcript does not reflect counsel notified the Court of any possible conflict of interest.

Akins claims the representation of Mrs. Simms clearly overlapped counsel's representation of him and that trial counsel was compromised, by having to serve two masters and two opposing interests at the same time when he had to cross-examine Mr. Gregory "Bunky" Simms. Akins claims he does not have to show prejudice because under the circumstances of his case prejudice will be
presumed since, in effect, he was denied effective assistance of counsel during the critical stage of cross-examining Mr. Simms.

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Under the *Cuyler* test, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Id.* at 349-350. In *Mickens v. Taylor*, 535 U.S. 162 (2002), the Supreme Court found that the presumed prejudice standard of *Cuyler v. Sullivan* was clearly established only in the situation of a conflict of interest due to multiple concurrent representation. *Id.* At 175; *see also Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir., 2007) (The Sixth Circuit "has consistently held that, for § 2254 cases, the *Sullivan* standard does not apply to claims of conflict of interest other than multiple concurrent representation; in such cases, including successive representation, the *Strickland*, standard applies.").

In the instant case, counsel represented Anita Sims, the wife of co-defendant Gregory Sims, in a separate state court criminal matter charging the couple with drug possession and child abuse charges stemming from a search of the couples' residence after Mr. Sims was arrested on November 19, 2004 (Criminal Court File No. 84, at 7-8). The charges against Mr. Sims were dismissed on

December 5, 2006, *nunc pro tunc* to November 3, 2005, on state's motion not to prosecute (Criminal Court File No. 85, at 3, 6, 9, & 12). The charges against Mrs. Sims were dismissed with costs taxed to the state on December 1, 2005 (Criminal Court File No. 85, at 15, 18, & 24). Akins claims trial counsel had a *per se* conflict of interest in representing him and Mrs. Sims because there was a "deal" to dismiss both her state case and Mr. Sim's state case if Mr. Sims testified "acceptably" in Mr. Akins federal case (Criminal Court File No. 87, at 11). Akins has not submitted his affidavit regarding his specific knowledge of trial counsel's representation of Mrs. Sims or Mrs. Sims affidavit in support of this claim. Consequently, the Court is unable to determine whether an evidentiary hearing is necessary at this point. Because the burden is on movant to make a preliminary showing of his allegations, the Court will **RESERVE RULING** on this claim pending the submission of, at the very least, Mrs. Sim's sworn statement under penalty of perjury, 28 U.S.C. § 1746, demonstrating she is available to testify, that she will testify, and exactly what she will testify to should an evidentiary hearing be required. Such sworn statement **SHALL** be filed within **thirty (30) days** from the date of this Memorandum.

### 2. *Inadequate Preparation*

Akins contends counsel spent less than two hours in pre-trial consultation and preparation. In addition, Akins complaints that he listened to the undercover tapes alone at his trial counsel's office. This general allegation fails to identify specifically what counsel did during the two hours in pre-trial consultation and preparation and what counsel should have done to prepare for trial that he did failed to do. In addition, the time counsel spent with Akins, standing alone, does not demonstrate counsel failed to adequately prepare as it does not take into consideration the amount of time counsel spent in trial preparation when Akins was not present.

The Court knows of no case establishing a minimum number of meetings that counsel is required to attend with a criminal defendant in order for counsel to provide reasonably effective assistance of counsel. Nor has Akins directed the Court's attention to any cases constitutionally requiring a minimum number of times counsel must meet with a criminal defendant in preparation of his case. See United *States v. Olson*, 846 F.2d 1103, 1108 (7th Cir.), *cert denied*, 488 U.S. 850 (1988) ("[A]n experienced attorney 'can get more out of one interview with a client than a neophyte lawyer.'" *Olson*, 846 F.2d at 1108, (quoting *United States ex rel. Kleba v. McGinnis*, 796 F.2d 947, 954 (7th Cir. 1986)). Consequently, regardless of the number of times Akins met with counsel, the fact that he was provided with an opportunity to discuss his case, which is all that is constitutionally required, and because he has not demonstrated such was insufficient to discuss his case with trial counsel, he has failed to demonstrate trial counsel performed deficiently. Akins does not explain what preparation or investigation counsel failed to conduct, what further preparation would have revealed, or how this alleged deficiency prejudiced his defense.

Nevertheless, even assuming counsel's performance was deficient for failing to spend more preparation time with Akins, no prejudice has been shown. In order to prevail on this claim, Akins "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence n the outcome." *Strickland*, 466 U.S. at 694. Because Akins has failed to demonstrate what more preparation time would have revealed and how it could have change the result of the criminal proceedings, he has failed to make the required showing.

Accordingly, Akins is **DENIED** § 2255 relief on his claim that counsel spent an inadequate amount of time with him preparing for trial.

### 3. Failure to Subpoena or Interview Witnesses

Next, Akins claims counsel fail to subpoena or interview the two defense witnesses he presented at trial. According to Akins, at the end of the first day of trial, counsel asked Akins if there were any witnesses he could get down to Court to testify on his behalf for the next day of trial. Although for purposes of this discussion the Court assumes counsel preformed deficiently in regard to the two defense witnesses, the Court concludes Akins has failed to demonstrate he suffered any resulting prejudice.

Akins does not explain what testimony these witnesses would have presented had they been properly interviewed or what testimony should not have been elicited. Akins has failed to demonstrate how counsel's failure to interview the witnesses affected their testimony; thus, he has failed to show he was prejudiced by counsel's conduct. Because there is nothing in the record showing that there is a reasonable probability that the result of the proceeding would have been different had counsel subpoenaed and interviewed these witnesses, Akins has failed to demonstrate a constitutional violation. Accordingly, Akins is not entitled to any relief on his claim that counsel failed to subpoena or interview the two defense witnesses.

### 4. Failure to Prepare Akins for Trial or to Testify

Akins claims trial counsel spent no time preparing him for trial or to testify. Akins contends counsel expressed frustration with him on the morning of trial when Akins insisted on going to trial rather than entering a guilty plea.

Akins does not elaborate on how his attorney should have prepared him for trial or to testify, or how the failure to prepare might have prejudiced him. Specifically, Akins does not explain how preparation would have contributed something substantial to his defense, how his testimony would

have differed had counsel prepared him, or provide any other evidence that undermines the Court's confidence in the outcome of his trial. In addition, when trial counsel announced Akins would testify the Court asked Akins if he understood he had the option either to take the stand or not to which he responded he understood but did not indicate he was unprepared to testify.

Nevertheless, taking this allegation as true and assuming counsel's performance was deficient, Akins has not shown how counsel's alleged failure prejudiced him. A factually unsupported claim of failure to prepare a defendant for trial and to testify is insufficient to state a constitutional violation. Accordingly, absent a showing of a reasonable probability of a different outcome at trial, as required by *Strickland,* Akins is not entitled to any relief on his factually unsupported claim that counsel failed to prepare him for trial.

### 5. *Failed to Provide Proper Advice on Wisdom of Proceeding to Trial*

In this factually unsupported claim, Akins simply claims counsel's preparation was inadequate which resulted in him not being properly advised concerning the wisdom of proceeding to trial in this matter. Akins does not provide any details of any conversation he had with trial counsel, what advice counsel gave, what advice counsel should have given that he failed to give, or contend that he would not have proceeded to trial had counsel adequately prepared and advised him not to proceed to trial.

Akins's failure to explain what counsel failed to do in his preparation or what advice counsel rendered regarding the wisdom of proceeding to trial, has resulted in Akins failure to demonstrate a reasonable probability of a different outcome of his criminal case. Accordingly, he has not established a claim of ineffective assistance of counsel on the claim counsel failed to properly advise him on the wisdom of proceeding to trial and relief will be **DENIED**.

11

6.      *Ineffective in his Cross-Examination of All Witnesses Including Gregory*

        *Sims*

Once again, without providing any factual support, Akins claims"[ ]trial counsel was ineffective in his cross-examination of all witnesses, but particularly ineffective in his conflicted cross-examination of Gregory Simms, husband of his other client, Mrs. Anita Simms." (Criminal Court File No. 77, at 7).[3]

In his traverse, Akins provides more specific allegations in relation to trial counsel's cross-examination of Mr. Sims. For example, Akins claims counsel failed to ask Mr. Sims about a plea deal, of which counsel was allegedly aware, where the state agreed to drop charges against Mr. and Mrs. Sims if Mr. Sims testified "acceptably" at Akins' trial (Criminal Court File No. 87, at 11). In addition, Akins pointed to other instances where he claims counsel ineffectively questioned Mr. Sims. Because Akins has made the specific claim regarding the deal with the State, the Court will **RESERVE RULING** on this claim to the extent Akins claims counsel was ineffective in his cross-examination of Mr. Sims, pending the submission of Mrs. Sims' sworn statement.

As to the claim that counsel was ineffective in his cross-examination of all the other witnesses, Akins has failed to identify additional subject matter that his counsel should have explored during cross-examination of those witnesses, identify questions counsel asked that he should have refrained from asking, or how counsel could have been impeached the testimony of the other witnesses. Accordingly, there is no evidence counsel's cross-examination of those witnesses fell below an objective standard of reasonableness or that Akins suffered any prejudice; thus, the

---

[3]      Although counsel refers to Mr. & Mrs. Sims as Mr. & Mrs. Simms, the criminal court record reflects the correct spelling of their last name is Sims.

claim of ineffective cross-examination of witnesses other than Mr. Sims will be **DENIED**.

       7.     *Trial Counsel's Failure to Prepare Defense Transcript's of Undercover Tapes*

Akins claims trial counsel was aware that the undercover tapes were critical in this trial and were of poor quality. The Government prepared transcripts of the conversations which they purported were on the tapes. Trial counsel did not prepare defense transcripts to submit to the jury. Akins claims effective trial counsel would have prepared transcripts to counter the Government's transcripts. Initially, the Court observes that Akins fails to argue that there were any inaccuracies in the transcripts.

Therefore, even if the Court assumes counsel was deficient for not preparing defense transcripts, which the Court does not find, there is absolutely no evidence in the record from which the Court may infer Akins was prejudiced from this alleged failure as there is no evidence that the Government's transcripts were inaccurate. Moreover, the transcripts were used at trial as an aid in listening to the audio recordings and the jury was instructed that if there was a difference between the two, they were to consider what was on the audio recording. Akins does not identify the contents of the audio tapes which were inaccurate; thus there is no evidence sufficient to demonstrate deficient performance or prejudice. As a result of the lack of any credible evidence to support this factually baseless claim, Akins' claim that counsel was ineffective for failing to prepare defense transcripts of the undercover tapes lacks merit. Accordingly, Akins' claim for ineffective assistance of counsel for failing to prepare defense transcripts of the undercover tapes will be **DENIED**.

       8.     *Cumulative Error*

Finally, Akins asserts trial counsel's cumulative errors constituted ineffective assistance of

counsel. Although the Court has reserved ruling on Akins' claim that counsel had a conflict of

interest and due to the conflict his cross-examination of Mr. Sims was inadequate, none of Akins'

other assertions constitute ineffective assistance under *Strickland*.

Accordingly, because meritless claims or claims that did not result in prejudice cannot be

cumulated, Akins has failed to demonstrate he suffered from cumulative errors of a constitutional

dimension; thus this claim will be **DENIED**. *See Moore v. Parker,* 425 F.3d 250, 256 (6th Cir.2005)

("But we have held that, post-AEDPA, not even constitutional errors that would not individually

support habeas relief can be cumulated to support habeas relief."); *Warlick v. Romanowski* 367

Fed.Appx. 634, 641, 2010 WL 729528, 6 (C.A.6 (Mich. (6th Cir.,2010); *Pondexter v. Quarterman,*

537 F.3d 511, 525 (5th Cir., 2008) (Agreeing that "meritless claims or claims that are not prejudicial

cannot be cumulated, regardless of the total number raised").

## IV.    Conclusion

The Court is unable to determine whether Akins is entitled to an evidentiary hearing

pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings due to counsel's alleged

conflict of interest and alleged ineffective cross-examination of Mr. Sims as a result of the alleged

conflict of interest. The parties will be afforded an opportunity to supplement the record with

additional proof and other materials as provided in Rule 7 of the *Rules Governing Section 2255*

*Proceedings*. Specifically, at the least, Akins, by and through counsel, **SHALL** supplement the

record with the sworn statement of Mrs. Sims which **SHALL** include her proposed testimony on the

conflict of interest claim. In all other respects, the Court concludes Akins has failed to demonstrate

counsel was constitutionally ineffective, and he will be **DENIED** any relief as to those claims.

An **ORDER** shall enter.


_/s/ R. Allan Edgar_
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
