UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

NICKIE AKINS, SR.,            )
                              )
v.                            )            1:08-cv-203\1:04-cr-190
                              )            *Edgar*
UNITED STATES OF AMERICA      )

## MEMORANDUM

Nickie Akins, Sr., ("Akins"), by and through counsel, T. Clifton Harviel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 77).[1] The Court previously denied relief on all but one claim (Court File No. 91). Because the record lacked sufficient factual information regarding defense counsel's actions to resolve Akins' claim that trial counsel rendered ineffective assistance of counsel due to a conflict of interest, the Court reserved ruling on the claim pending the submission of other proof and materials, including but not limited to Mrs. Sims' sworn statement under penalty of perjury pursuant to 28 U.S.C. § 1746, detailing her proposed testimony as to this issue. Akins has submitted Mrs. Sims' affidavit and the issue is ripe for review.

The Court determines an evidentiary hearing is not necessary and for the following reasons will **DENY** Akins relief on his claim counsel was ineffective due to a conflict of interest and **DISMISS** his § 2255 motion in it entirety.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

## I. Ineffective Assistance of Counsel Due to Conflict of Interest

Akins claims "trial counsel was ineffective in his cross-examination of all witnesses, but particularly ineffective in his cross-examination of Gregory Simms, [sic] husband of his other client, Mrs. Anita Simms [sic]" (Criminal Court File No. 77, at 7). Akins points out several instances in which he alleges counsel failed to properly pursue inconsistent responses with Mr. Sims, object to hearsay, or object to unresponsive answers. Specifically, Akins contends trial counsel failed to ask Mr. Sims about a plea deal, of which counsel was allegedly aware, where the state agreed to drop charges against Mr. and Mrs. Sims if Mr. Sims testified "acceptably" at Akins trial (Criminal Court File No. 87, at 11). As reflected in Mrs. Sims affidavit, this last allegation is simply incorrect (Court File No. 93).

Mrs. Sims avers that she was arrested on November 19, 2004 by the Meigs County Sheriff's Office and charged with Possession of Marijuana for Resale; Possession of Cocaine for Resale; Felony Drug Paraphernalia, and Child Endangerment. All of her charges were dismissed on December 1, 2005. According to Mrs. Sims, her cases "pertained to some of the same facts " as Akins case. Mrs. Sims met with and retained Attorney John McDougal (Court File No. 93).

Mrs. Sims became aware Mr. McDougal was representing Akins, the first day of his trial. When she questioned him about a potential conflict he said there was no conflict. She did not agree for Mr. McDougal to represent her and Akins. When her Meigs County cases were dismissed, she was told her cases were dismissed because her husband had pleaded guilty in federal court (Criminal Court File No. 93).

### A. Applicable Law

The usual standard for a claim of ineffective assistance of counsel, as explained in *Strickland*, requires a showing that counsel's conduct was unreasonable, and that the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has clearly set forth the requirements for a successful ineffective assistance of counsel claim on the basis of an attorney's conflict of interest: "In order to establish a violation of the Sixth Amendment, a defendant . . . must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Under the *Cuyler* test, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Id*. at 349-350. In other words, in conflict of interest cases where there is an actual conflict of interest, prejudice is presumed. *Strickland*, 466 U.S. at 692.

Multiple representation, however, does not automatically violate the Sixth Amendment unless it gives rise to a conflict of interest. *See Holloway v. Arkansas*, 435 U.S. 475 (1978) (involving multiple representation of co-defendants). "Requiring or permitting a single attorney to represent codefendants . . . is not *per se* violative of constitutional guarantees of ineffective assistance of counsel." *Id.* At 482. In order to establish the constitutional predicate for a claim of ineffective assistance of counsel on the basis of multiple representations, a defendant must show that his counsel actively represented conflicting interests. *Cuyler v. Sullivan*, 446 U.S. at 350. A mere possibility of conflict, however, is insufficient to impugn a criminal conviction. Instead, "to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Id.*

### B. Discussion

Akins alleges counsel had a conflict of interest because he represented a co-defendant's wife in an unrelated state case for possession of drugs for resale and child abuse/neglect. Contrary to Akins' allegations, Mrs. Sims' case was dismissed because her husband entered a guilty plea in federal court, not because her husband testified "acceptably" at Akins federal criminal trial (Criminal Court File Nos. 87 & 93).

Although Akins claims prejudice should be presumed in this case, the Supreme Court has instructed that "[p]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland v. Washington*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. at 348 (emphasis added)). The Supreme Court has held that "[r]equiring or permitting a single attorney to represent codefendants . . . is not *per se* violative of constitutional guarantees of effective assistance of counsel." *Holloway v. Arkansas*, 435 U.S. at 482.

This is not a joint representation case as contemplated by *Holloway or Sullivan* and it does not appear "that the language of *Sullivan* itself . . . clearly establish[es], or indeed even support[s], such [an] expansive application[,]" *Mickens v. Taylor*, 535 U.S. 162, 174-75 (2002), under the circumstance presented in this case. There is nothing in the record from which the Court can conclude this situation qualifies as a multiple representation that gives rise to an actual conflict of interest where prejudice must be presumed. Instead, this is a situation were Akins has merely alleged a possibility of a conflict of interest arising from counsel representing him and, in a separate state court criminal matter, the wife of a co-defendant, Mrs. Sims,

4

The Sixth Circuit has instructed that when a defendant alleges an actual conflict of interest exists, he must make particularized allegations of fact as follows:

> We will not find an actual conflict unless appellants can point to "specific instances in the record to suggest an actual conflict or impairment of their interests." ... *Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other*. If he did not make such a choice, the conflict remained hypothetical." ... There is no violation where the conflict is "irrelevant or merely hypothetical"; there must be an "actual significant conflict."

*U.S. v. Hall,* 200 F.3d 962, 966 (6th Cir.2000) (citations omitted) (emphasis added). Thus, "the burden is a difficult one for [a] Petitioner to meet, as he must point to specific instances of actual conflict of interest and not rely on mere speculation, second-guessing, and hindsight." *Williams v. Jones*, 214 Fed. Appx. 521, 526 (6th Cir. 2007), *available at* 2007 WL 143066, *4.

Akins complains that counsel failed to pursue Mr. Sims' inconsistent answers as to how many times he met with him and Eddie "Bull" Gray; object to an unresponsive answer; and ineffectively pursued a line of questioning about Akins owing a lot of money to "Bull" and Bull setting up Mr. Sims and Akins. Akins does not make a factual showing, however, that counsel's alleged shortcomings were the result of conflicting interests, i.e., counsel's desire to protect Mrs. Sims' interest.

In addition, Akins complains that counsel did not inquire whether Mr. Sims was motivated to save himself or his wife. On direct examination the prosecution brought out that Mr. Sims had pled guilty and was cooperating with the government; thus it was evident he was trying to help himself. Nevertheless, Akins has not presented any evidence showing that the failure to inquire about Mr. Sims' motivations was favorable to Mrs. Sims and harmful to him or explain how counsel's failure to make such an inquiry of Mr. Sims was the result of counsel's desire to protect

5

Mrs. Sims' interests.

Akins also complains that counsel failed to object to the introduction of hearsay testimony in the form of Mr. Sims verifying what was contained in a transcript based on law enforcement agents reading it to him outside of Court. This issue is frivolous, as the tape was played to the jury and they were instructed that the tape and not the transcript was the evidence, and it was reiterated by the Court that what they heard on the tape, not what they read in the transcript was the evidence they were to consider (Criminal Court File 63, p. 96).

Akins' claims regarding actual conflict of interest are unpersuasive. Mrs. Sims avers she was told her case would be dismissed if her husband pleaded guilty. None of the allegations of counsel's alleged deficiencies would have provided evidence affecting Mrs. Sims because her husband had already entered his guilty plea and that, in and of itself, was the reason her case was dismissed. There is no credible evidence that the dismissal of her charges was based on the testimony given by Mr. Sims in Akins' trial. In addition, other witnesses testified to Akins involvement, and there is no showing any alleged deficiency on counsel's part was done to protect Mrs. Sims' interests or that doing so benefitted her in any way.

In sum, there is no evidence before this Court revealing an actual conflict existed or from which the Court could infer an actual conflict existed. There is no evidence counsel was "compelled to compromise his . . . duty of loyalty or zealous advocacy to . . .[Akins] by choosing between or blending the divergent or competing interests of . . . [Mrs. Sims]." *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). Furthermore, as previously noted, there is not any evidence "that some plausible alternative defense strategy or tactic could have been pursued, but was not because of the actual conflict impairing counsel's performance." *Perillo v. Johnson*, 205 F.3d 775, 781-28

(5th Cir. 2000). Nothing in the record reveals that any alleged shortcomings was as a result of counsel's desire to protect Mrs. Sims interests and was thus "indicative of [counsel's] struggle to serve two masters . . ." *Holloway v. Arkansas*, 435 U.S. at 482 (quoting *Glasser v. United States,* 315 U.S. 60, 75 (1942).

Accordingly, because there is no evidence of an actual conflict of interest stemming from counsel's representation of Akins and Mrs. Sims, relief will be **DENIED**.

## II.    Ineffective Assistance of Counsel Based on *Strickland* Standard

Akins failed to demonstrate counsel was forced to make choices advancing other interests to the detriment of his client, thus he failed to demonstrate counsel had a conflict of interest. Because, "[w]hen a defendant cannot point to specific facts to substantiate his conflict of interest claim, he may attack his counsel's assistance through the 'general rule' of *Strickland[.]*" *Green v. Snedeker,* 355 Fed. Appx. 146, 149 (10th Cir. 2009), *available at* 2009 WL 4547779,*2 (citing *Mickens v. Taylor,* 535 U.S. at 166), the Court will also evaluate, for purposes of thoroughness, each specific alleged deficiency under the *Strickland* standard of ineffective assistance of counsel.

First, Akins challenges counsel's failure to pursue Mr. Sims conflicting response as to how many times he had met with Akins. Although the colloquy between defense counsel and Mr. Sims was somewhat confusing at times, as the Court reads the transcript Mr. Sims said he had visited at Akins residence five or six times and when asked if he went with Mr. Eddie "Bull" Gray (hereinafter "Bull"), he responded yes and counsel continued to question Mr. Sims who subsequently clarified that he had gone to Akins house once with Bull. Upon further questioning, counsel elicited clarification that there were times Mr. Sims was with Akins and other times he was with Bull but the three of them had only been together once (Criminal Court File No. 63, pp. 103-105).

Consequently, Akins has not demonstrated counsel performed deficiently in this instance or that he suffered any prejudice.

Next, Akins complains that counsel did not object to Mr. Sims' response to counsel's question of whether Bull introduced him to Akins so he could start selling to Akins. Mr. Sims responded, "Because Bull said he was going to quit fooling with Big Nick [nickname for Akins] because Big Nick owed him a lot of money." (Criminal Court File No. 63, p. 107). Akins claims this was non-responsive, irrelevant, and hearsay to which counsel did not object. A reading of the response permits an inference that the answer was yes with an explanation. Nevertheless, counsel proceeded to elicit testimony from Mr. Sims that the introduction was made so he could sell to Akins. Consequently, this alleged shortcoming on counsel's part is without merit.

Akins' third alleged instant of ineffective assistance of counsel challenges counsel's decision to question Mr. Sims about the amount of money Akins owed Bull. Counsel pursued questioning Mr. Sims along those lines to demonstrate that Bull had set up both Mr. Sims and Akins in this case in an effort to save himself (Court File No. 63, pp. 107-108). Supreme Court precedent instructs that "[t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance; the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (internal citations and punctuation omitted). Given the deference required, this cross examination appears to be trial strategy which Akins has not demonstrated was objectively unreasonable. Nevertheless, even assuming this questioning was deficient on counsel's part, Akins has not demonstrated prejudice as he has not identified a plausible alternative strategy that was objectively reasonable under the facts of this case

8

or explain how this line of questioning harmed him. Thus, no constitutional violation occurred.

Akins next complains that counsel did not inquire of Mr. Sims whether he was motivated to testify to try to save himself and his wife. Mr. Sims had testified that he had entered a guilty plea and cooperated with law enforcement. Thus, even assuming the failure to inquire further was deficient performance, Akins has not demonstrated he suffered any prejudice as the result of this alleged shortcoming.

Akins challenges Mr. Sims' testimony that Bull would deliver the drugs for him and argues counsel should have inquired further because proper "cross-examination here would have brought out the truth." (Criminal Court File No. 87). Notably, Akins fails to inform the Court what "truth" would have been revealed. Nevertheless, a reading of the transcript reveals Mr. Sims initially misunderstood the question but counsel pursued questioning and Mr. Sims clarified that Bull would make the "eight-ball" for him or it would already be made and he (Mr. Sims) delivered it once to Akins and the other times Little Nick picked it up from him (Criminal Court File No. 63, pp. 100-101). Akins has not demonstrated deficient performance as he has not indicated what further line of questioning counsel should have pursued. Moreover, Akins has not demonstrated he suffered any prejudice as the result of this alleged deficient performance.

Akins complains Mr. Sims, who had a reading disability, testified he listened to a portion of the tape with law enforcement and they would read that portion of the transcript to him, presumably to verify that what was on the tape was accurately transcribed. Akins contends counsel performed deficiently in not objecting to Mr. Sims' hearsay testimony of what he had been told out of court. The Court, at least twice, instructed the jury the evidence they were to consider was what they heard on the tape, not what they read on the transcript. Therefore, even assuming counsel's failure to

9

object was deficient performance, which the Court does not find, Akins suffered no prejudice, thus he has failed to demonstrate a constitutional violation under *Strickland*.

Akins also complains that counsel failed to pursue the conflicting testimony of Bull and Mr. Sims. Bull testified he had never seen Mr. Akins and Mr. Sims together but Mr. Sims "indicated" he met Akins through Bull so counsel should have pursued that Bull could not have introduced Mr. Sims to Akins. Bull testified he had sold Akins drugs and he had bought drugs from Akins. He also testified he did not "think" he had seen Akins and Sims together but he had seen Akins, Akins' son, and Mr. Sims. Notably, Mr. Sims did not testify Akins son was not present the one time he, Bull, and Akins were together; thus, it is questionable whether their testimony is actually conflicting. Nevertheless, Akins has not met his burden in overcoming the presumption that counsel's challenged failure "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Moreover, Akins has failed to demonstrate how the failure to pursue this line of questioning prejudiced him because regardless of how Mr. Sims met Akins, the proof from Bull and other witnesses demonstrated Akins sold drugs on numerous occasions. Consequently, no relief is warranted.

Akins faults counsel for failing to ask Mr. Sims why he was on disability and how long he suffered from that disability. Akins does not explain what further questioning would have revealed or how the failure to pursue this line of questioning prejudiced him. Thus, he has failed to allege a constitutional violation of his right to effective assistance of counsel.

Akins also faults counsel for failing to inquire about any deals or offers to Mr. Sims in exchange for his testimony, which Akins claims counsel knew because Mrs. Sims discussed it with him. Akins, however, fails to inform the Court of the "deal situation" to which he refers. Assuming

10

he is referring to the fact that Mrs. Sims' charges were dropped as a result of his guilty plea, such does not demonstrate deficient performance on counsel's part nor any resulting prejudice to Akins. Therefore, this claim is without merit.

Akins points out several instances where counsel either was mistaken in his understanding of a subject or failed to cross examine discrepancies. For example, he challenges counsel's mistake about how many eight-balls makes an ounce which counsel subsequently corrected (Court File No. 63, pp. 99-100). Thus, there was no deficient performance or resulting prejudice.

Akins also complains that counsel did not pursue questioning about the conflict between Mr. Sims testimony about the recorded conversation he had with Akins and the actual recording. Mr. Sims testified that the recorded conversation he had with Akins did not result in a drug transaction because they did not want to deal his way but wanted him to go into the house of someone he did not know, and Detective Brown wanted the transaction to take place out in public to make the arrest easier. According to Akins the tape "indicates that the supplier would 'come pick up the money, he'll go and bring it right back here.'" (Criminal Court File No. 87). Akins has failed to submit a copy of the tape and the partial quote is not in sufficient context for the Court to conclude that counsel's failure to further cross examine Mr. Sims about this matter was deficient. Moreover, the quoted portion indicates that the proposed method of transacting that business deal was contrary to Detective Brown's requirement that the transaction take place out in public to make the arrest easier. In addition, Akins has not explained how he was prejudiced by this discrepancy and no resulting prejudice is apparent to the Court.

Finally, Akins complains that counsel failed to object to hearsay when Mr. Sims' responded, "[i]t's on the tape what date it was done[,]" when he was asked whether he made the tape on or

11

about November 26th or whether it was actually made in December (Criminal Court File No. 87). Akins does not explain how this was deficient on counsel's part or how counsel's failure to object prejudiced him. Accordingly, Akins has failed to meet his burden of proving deficient performance and resulting prejudice, thus not relief is warranted on this claim.

In sum, assessing each alleged claim of ineffective assistance of counsel, individually and cumulatively, not only has Akins failed to demonstrate deficient performance of the part of trial counsel, he has failed to meet the bar for establishing prejudice as he has not demonstrated "that here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" *Strickland*, 466 U.S. at 694, as the Court's confidence in the outcome of Akins' trial is not undermined. Accordingly, because Akins has not demonstrated counsel performed deficiently or that he suffered any prejudice as a result of counsel's performance the claim will be **DENIED**.

## III. Conclusion

Akins has failed to establish a plausible claim that would warrant an evidentiary hearing. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir. 1993) (noting that to prevail on a motion for hearing, petitioner must establish he has a plausible claim). Accordingly, Akins' claims do not entitled him to § 2255 relief and his § 2255 motion will be **DENIED** in its entirety(Court File No.1).

A separate order will enter.

                                        */s/ R. Allan Edgar*
                                     R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE